# COHEN&GREEN

---

March 15, 2022

**BY ECF**
Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re:  *Elizabeth Curran-Groome v. City of New York, et. al.*, 22-CV-00710 (JPC)(GWG)

Your Honor:

   I am co-counsel for Plaintiff in the above-captioned matter. I write to ask that the Court remove this case from the so-called "1983 Plan" codified in SDNY Local Civil Rule 83.10, that the Court schedule an Initial Pretrial Conference, and that the Court direct Defendants to participate in a conference pursuant to Fed.R.Civ.P. 26(f) the week of March 28, 2022.

   Defendants'[1] position is as follows: The Defendants object to this case being removed from the Plan since there is no reason this case should not work through the mediation process and not bog down the Court's docket. Cases similar to this one have been successful in the Plan and there is no reason the parties cannot work to resolve this matter through mediation.  If the Court is inclined to remove this case from the Plan, the Defendants object to an initial conference being scheduled the week of March 28th  as we have not even had an opportunity to answer the complaint yet. The Defendants received Plaintiff's conforming 160.50 release on March 2nd, therefore, our answer under the Plan is not due until May 2nd.

   **Background and Procedural History**. Plaintiff Elizabeth Curran-Groomer was assaulted, arrested, and prosecuted by members of the New York City Police Department ("NYPD") at a Black Lives Matter ("BLM") protest in the Mott Haven neighborhood of the Bronx on June 4, 2020, at the height of citywide protests in the wake of the police murder of George Floyd. A weft of cases, including a number of putative class actions, arising from the NYPD's policing of the summer 2020 George Floyd/BLM protests, was filed in late 2020 and early 2021, several of which focus on the NYPD's June 4 attack on the Mott Haven protest. Many of those cases are now before Hon. Colleen McMahon and Hon. Gabriel W. Gorenstein and have been consolidated for pre-trial purposes under the *In re NY City Policing During Summer 2020 Demonstrations*, No. 20-cv-8924 docket (the "Consolidated Actions"). In early 2021, Judge McMahon put the cases on a rocket docket. Discovery in those cases – in which a massive amount of documents related to the Mott Haven incident have been exchanged - has been, and remains, ongoing.

   This case has taken a different path. Following the June 4, 2020 protest, Plaintiff began to seek accountability and redress. For example, she filed a Notice of Claim and sat for a hearing at which she gave testimony about her experiences under oath pursuant to New York's General

---

[1] To date, according to the docket, defense counsel appears to represent only Defendant City. However, throughout, I refer to "Defendants" based on my belief that defense counsel also represents at least some of the other Defendants.



Municipal Law. Plaintiff subsequently determined that she would opt out of any putative classes that might be certified in the Consolidated Actions and that she would pursue her own claims in New York State court. Accordingly, on September 2, 2021, Plaintiff filed the Complaint in this matter in New York State Supreme Court, Bronx County.  On January 27, 2022 Defendants City and Shea only removed the action to this Court. (Dkt. No. 1). On January 31, 2022 the Court designated this case for participation in the 1983 Plan. On February 24, 2022, Plaintiff served a release pursuant to New York Criminal Procedure Law ("CPL") 160.50 on Defendants. Plaintiff served a revised 160.50 release on March 2, 2022. Defendants have refused to hold a Rule 26(f) conference until after they have answered.

      **Plaintiff's Position**: Plaintiff respectfully submit that it was an error to include this case in the 1983 Plan, which does not apply to cases filed in New York State Court and removed to this Court, in the first place. *See, e.g., Roundtree v. City of New York et al*, 21-cv-10576 (AJN)(SDA), Dkt. No. 17 (January 1, 2022 Opinion and Order). In denying Defendant City's application to have the *Roundtree* case – which the Plaintiff had filed in New York State Supreme Court and Defendant City had removed to this Court - included in the 1983 Plan, Magistrate Judge Aaron ruled, in pertinent part: "Rule 83.10 was designed to apply to actions filed in this Court in the first instance."

      Setting that aside, this Court should remove the case from the 1983 Plan now in its discretion because keeping the case in the 1983 Plan is not likely to achieve the 1983 Plan's stated goals, while it is guaranteed to frustrate Plaintiff's interests in timely and expeditious prosecution of this action. The majority of the allegations in the Complaint– including almost all against Defendants Shea, Monahan, Lehr, - are nearly identical to those pleaded in several of the cases in the Consolidated Actions, which those Defendants, represented in the Consolidated Actions by the Law Department, answered long ago. *Compare* the Complaint in this case *with* the Complaints in *Sow et al. v. City of New York et al.*, 21-cv-00533 (CM)(GWG) (Dkt. No. 1) and in *Hernandez, et al. v. City of New York, et al.,* 21-cv-07406 (CM)(GWG) (Dkt. No. 1). And because the Consolidated Actions have involved extensive discovery regarding the Mott Haven incident, this is not the typical 1983 Plan case, in which Defendants must investigate the claims from scratch. In this case, Defendants should already have the relevant 1983 Plan early discovery, because those records were unsealed and exchanged in the extensive discovery related to the Mott Haven incident that has occurred in the Consolidated Actions.[2] Plaintiffs can guarantee the Court that resolution of this case is not going to happen without additional discovery from Defendants specifically related to Plaintiff's claims, which the 1983 Plan categorically prohibits. And Plaintiff can also guarantee that mediation will not lead to settlement in this case. Of course, the parties can discuss settlement at any time, and ask Your Honor for a settlement conference if, and when, it makes sense. In the meantime, Plaintiff would like to pursue discovery on her individual claims.  For all those reasons, Plaintiff asks that the Court remove this case from the 1983 Plan.

---

[2] For over a year in the Consolidated Actions, discovery, including specifically extensive *Monell* discovery into the policies, practices, and training that Plaintiffs challenge in this matter, as well as extensive discovery about the June 4, 2020 events at Mott Haven, has been proceeding at a rocket docket pace. Among other things, Defendants have disclosed, or have said they are in the process of disclosing, all arrest and arrest processing records, video, and other documents related to the Mott Haven arrests, including Plaintiff's.

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Finally, Plaintiff asks that the Court schedule an Initial Pretrial Conference, and that the Court direct Defendants to participate in a conference pursuant to Fed.R.Civ.P. 26(f) the week of March 28, 2022

Thank you for your attention to this matter.

Respectfully submitted,

/s/

_____

Elena L. Cohen
Cohen&Green P.L.L.C.
1639 Centre St., Suite 216
Ridgewood, New York 11385

COHEN&GREEN