UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ELIZABETH CURRAN-GROOME,

<div style="margin-left:auto">Plaintiff,</div>

-against-

THE CITY OF NEW YORK, COMMISSIONER
DERMOT SHEA, NEW YORK CITY POLICE
DEPARTMENT, CHIEF OF DEPARTMENT TERENCE
MONAHAN, ASSISTANT CHIEF KENNETH LEHR,
P.O. KATHERINE TEJADA, SERGEANT SCOTT
HALDEMAN, JOHN AND JANE DOES #1-2,

<div style="margin-left:auto">Defendants.</div>

------------------------------------------------------------------------ x

**ANSWER TO THE SECOND
AMENDED COMPLAINT ON
BEHALF OF DEFENDANTS
CITY, SHEA, MONAHAN,
LEHR, TEJADA, AND
HALDEMAN**

22-CV-00710 (JPC)

<u>JURY TRIAL DEMANDED</u>

Defendants City of New York, Former Commissioner Dermot Shea, Former Chief of Department Terence Monahan, Assistant Chief Kenneth Lehr, Police Officer Katherine Tejada, and Sergeant Scott Haldeman, by their attorney, Hon. Sylvia Hinds-Radix, Corporation Counsel of the City of New York, for their answer to the second amended complaint, dated June 15, 2022, respectfully allege, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.  Deny the allegations set forth in paragraph "1" of the second amended complaint, except admit that multiple protests occurred throughout the United States and New York City during the Spring and Summer of 2020, following the murder of George Floyd.

2.  Deny the allegations set forth in paragraph "2" of the second amended complaint, except admit that multiple protests occurred throughout New York City during the Spring and Summer of 2020, following the murder of George Floyd.

3.  Deny the allegations set forth in paragraph "3" of the second amended

complaint.

4.     Deny the allegations set forth in paragraph "4" of the second amended complaint.

5.     Admit the allegations set forth in paragraph "5" of the second amended complaint.

6.     Deny the allegations set forth in paragraph "6" of the second amended complaint, except admit that Plaintiff Elizabeth Curran-Groome was arrested at the Mott Haven Protest.

7.     Deny the allegations set forth in paragraph "7" of the second amended complaint, except admit that the Office of the Mayor of the City of New York issued Emergency Executive Orders; and respectfully refer the Court and Plaintiff to the Executive Orders referenced therein for a full and accurate recitation of their contents.

8.     Deny the allegations set forth in paragraph "8" of the second amended complaint, except admit that the Office of the Mayor of the City of New York issued *Emergency Executive Order No. 98* on or about March 12, 2020 and issued *Emergency Executive Order No. 112* on or about May 9, 2020; and respectfully refer the Court and Plaintiff to *Emergency Executive Order No. 98* and *Emergency Executive Order No. 112* referenced therein for a full and accurate recitation of their contents.

9.     Deny the allegations set forth in paragraph "9" of the second amended complaint; except admit that the Office of the Mayor of the City of New York issued *Emergency Executive Order No. 117* on or about June 1, 2020 which set a curfew beginning on June 1, 2020 at 11:00 p.m.; and respectfully refer the Court and Plaintiff to *Executive Order No. 117* referenced therein for a full and accurate recitation of its content.

10. Deny the allegations set forth in paragraph "10" of the second amended complaint, except admit that the Office of the Mayor of the City of New York issued *Emergency Executive Order No. 118* on or about June 1, 2020, wherein a City-wide curfew was ordered from 8:00 p.m. on June 2, 2020 until 5:00a.m. on June 3, 2020; and respectfully refer the Court and Plaintiff to *Executive Order No. 118* referenced therein for a full and accurate recitation of its content.

11. Deny the allegations set forth in paragraph "11" of the second amended complaint, except admit that the Office of the Mayor of the City of New York issued *Emergency Executive Order No. 119* on or about June 2, 2020, wherein a City-wide curfew was ordered to be in effect each day from 8:00 p.m. until 5:00 a.m., beginning at 8:00 p.m. on June 3, 2020 and ending at 5:00 a.m. on June 8, 2020; and respectfully refer the Court and Plaintiff to *Executive Order No. 119* referenced therein for a full and accurate recitation of its content.

12. Deny the allegations set forth in paragraph "12" of the second amended complaint and respectfully refer the Court and Plaintiff to *Emergency Executive Orders 117-119* referenced therein for a full and accurate recitation of their contents.

13. Deny the allegations set forth in paragraph "13" of the second amended complaint.

14. Deny the allegations set forth in paragraph "14" of the second amended complaint.

15. Deny the allegations set forth in paragraph "15" of the second amended complaint.

16. Deny the allegations set forth in paragraph "16" of the second amended complaint.

17.     Deny the allegations set forth in paragraph "17" of the second amended complaint, except admit that Plaintiff was arrested at the Mott Haven Protest on June 4, 2020.

18.     Deny the allegations set forth in paragraph "18" of the second amended complaint, except admit that Dermot Shea was the Commissioner of the New York City Police Department ("NYPD") on or about June 4, 2020.

19.     Deny the allegations set forth in paragraph "19" of the second amended complaint, except admit that various NYPD units were deployed at the Mott Haven Protest on June 4, 2020.

20.     Deny the allegations set forth in paragraph "20" of the second amended complaint.

21.     Deny the allegations set forth in paragraph "21" of the second amended complaint, except admit that a mass arrest processing center was activated.

22.     Deny the allegations set forth in paragraph "22" of the second amended complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the second amended complaint.

24.     Deny the allegations set forth in paragraph "24" of the second amended complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the second amended complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the second amended complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "27" of the second amended complaint.

28.     Deny the allegations set forth in paragraph "28" of the second amended complaint.

29.     Deny the allegations set forth in paragraph "29" of the second amended complaint, except admit that Terence Monahan was a Deputy Chief within the NYPD on or about 2004.

30.     Deny the allegations set forth in paragraph "30" of the second amended complaint and respectfully refer the Court and Plaintiff to the 2005 New York Civil Liberties Union article, cited in footnote "2", for a full and accurate recitation of its content.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the second amended complaint and respectfully refer the Court and Plaintiff to the 2006 Civilian Complaint Review Board ("CCRB") findings referenced therein, for a full and accurate recitation of its content.

32.     Deny the allegations set forth in paragraph "32" of the second amended complaint.

33.     Deny the allegations set forth in paragraph "33" of the second amended complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the second amended complaint, except admit that the Office of the Mayor of the City of New York issued *Emergency Executive Order No. 119* on or about June 2, 2020.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the second amended complaint and respectfully refer the Court and Plaintiff to the NYPD Finest Message referenced therein, for a full and accurate

recitation of its content.

36.     Deny the allegations set forth in paragraph "36" of the second amended complaint and respectfully refer the Court and Plaintiff to The New York City Department of Investigation report, cited in footnote "3", for a full and accurate recitation of its content.

37.     Deny the allegations set forth in paragraph "37" of the second amended complaint and respectfully refer the Court and Plaintiff to The New York City Department of Investigation report, cited in footnote "3", for a full and accurate recitation of its content.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the second amended complaint.

39.     Deny the allegations set forth in paragraph "39" of the second amended complaint.

40.     Deny the allegations set forth in paragraph "40" of the second amended complaint, except admit that Chief Lehr was the incident commander of the Mott Haven Protest on or about June 4, 2020.

41.     Deny the allegations set forth in paragraph "41" of the second amended complaint, except admit that Chief Lehr was the incident commander of the Mott Haven Protest and Chief Monahan was present at the Mott Haven Protest on or about June 4, 2020.

42.     Deny the allegations set forth in paragraph "42" of the second amended complaint.

43.     Deny the allegations set forth in paragraph "43" of the second amended complaint.

44.     Deny the allegations set forth in paragraph "44" of the second amended complaint.

45.     Deny the allegations set forth in paragraph "45" of the second amended

complaint.

46.     Deny the allegations set forth in paragraph "46" of the second amended complaint.

47.     Deny the allegations set forth in paragraph "47" of the second amended complaint.

48.     Deny the allegations set forth in paragraph "48" of the second amended complaint.

49.     Deny the allegations set forth in paragraph "49" of the second amended complaint.

50.     Deny the allegations set forth in paragraph "50" of the second amended complaint.

51.     Deny the allegations set forth in paragraph "51" of the second amended complaint.

52.     Deny the allegations set forth in paragraph "52" of the second amended complaint.

53.     Deny the allegations set forth in paragraph "53" of the second amended complaint.

54.     Deny the allegations set forth in paragraph "54" of the second amended complaint.

55.     Deny the allegations set forth in paragraph "55" of the second amended complaint.

56.     Deny the allegations set forth in paragraph "56" of the second amended complaint.

57.     Deny the allegations set forth in paragraph "57" of the second amended complaint.

58.     Deny the allegations set forth in paragraph "58" of the second amended complaint, except admit that flex cuffs were utilized at the Mott Haven Protest on or about June 4, 2020.

59.     Deny the allegations set forth in paragraph "59" of the second amended complaint.

60.     Deny the allegations set forth in paragraph "60" of the second amended complaint.

61.     Deny the allegations set forth in paragraph "61" of the second amended complaint.

62.     Deny the allegations set forth in paragraph "62" of the second amended complaint.

63.     Deny the allegations set forth in paragraph "63" of the second amended complaint.

64.     Deny the allegations set forth in paragraph "64" of the second amended complaint.

65.     Deny the allegations set forth in paragraph "65" of the second amended complaint.

66.     Deny the allegations set forth in paragraph "66" of the second amended complaint.

67.     Deny the allegations set forth in paragraph "67" of the second amended

complaint.

68.     Deny the allegations set forth in paragraph "68" of the second amended complaint.

69.     Deny the allegations set forth in paragraph "69" of the second amended complaint.

70.     Deny the allegations set forth in paragraph "70" of the second amended complaint, and respectfully refer the Court and Plaintiff to the Humans Right Watch Report referenced therein, for a full and accurate recitation of its content.

71.     Deny the allegations set forth in paragraph "71" of the second amended complaint.

72.     Deny the allegations set forth in paragraph "72" of the second amended complaint.

73.     Deny the allegations set forth in paragraph "73" of the second amended complaint and respectfully refer the Court and Plaintiff to the New York State Attorney General lawsuit, 21-CV-322, referenced therein, for a full and accurate recitation of its content.

74.     Deny the allegations set forth in paragraph "74" of the second amended complaint and respectfully refer the Court and Plaintiff to the June 5, 2020 Gothamist article referenced therein, and cited in footnote "5", for a full and accurate recitation of its content.

75.     Deny the allegation set forth in paragraph "75" of the second amended complaint.

## **PARTIES, VENUE AND JURISDICTION**

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the second amended complaint.

77.     Deny the allegations set forth in paragraph "77" of the second amended complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about November 3, 2020.

78.     Deny the allegations set forth in paragraph "78" of the second amended complaint, except admit that a 50-H hearing took place on or about February 25, 2021.

79.     Deny the allegations set forth in paragraph "79" of the second amended complaint, except admit that, to date, this matter has not been resolved.

80.     Deny the allegations set forth in paragraph "80" of the second amended complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

81.     Deny the allegations set forth in paragraph "81" of the second amended complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

82.     Deny the allegations set forth in paragraph "82" of the second amended complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

83.     Deny the allegations set forth in paragraph "83" of the second amended complaint, except admit that Commissioner Shea, Chief Monahan, Chief Lehr, and Police Officer Tejada were employed by the NYPD on or about June 4, 2020.

84.     Deny the allegations set forth in paragraph "84" of the second amended complaint, except admit that Former Commissioner Shea was the NYPD Police Commissioner on or

about June 4, 2020.

85.    State that the allegations set forth in paragraph "85" of the second amended complaint are legal conclusions to which no response is required.

86.    Deny the allegations set forth in paragraph "86" of the second amended complaint.

87.    Deny the allegations set forth in paragraph "87" of the second amended complaint.

88.    Deny the allegations set forth in paragraph "88" of the second amended complaint.

89.    Deny the allegations set forth in paragraph "89" of the second amended complaint, except admit that Plaintiff purports to proceed as stated therein.

90.    Deny the allegations set forth in paragraph "90" of the second amended complaint, except admit that Chief Lehr was the Commander of Patrol Borough on or about June 4, 2020.

91.    Deny the allegations set forth in paragraph "91" of the second amended complaint, except admit that Sergeant Scott Haldeman is an employee of the NYPD.

92.    Deny the allegations set forth in paragraph "92" of the second amended complaint, except admit Sergeant Haldeman was assigned the Tax No. and command and referenced and that Sergeant Haldeman's name appears on plaintiff's Desk Appearance Ticket as the Desk Officer.

93.    Deny the allegations set forth in paragraph "93" of the second amended complaint, except admit Officer Katherine Tejada is an employee of the NYPD.

94.    Deny the allegations set forth in paragraph "94" of the second amended complaint, except admit Officer Tejada was assigned the Shield number Tax No. and command as

referenced.

95.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the second amended complaint as it pertains to unidentified defendants.

96.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the second amended complaint as it pertains to unidentified defendants.

97.    Admit the allegations set forth in paragraph "97" of the second amended complaint.

98.    Deny the allegations set forth in paragraph "98" of the second amended complaint, except admit that Plaintiff purports to base venue as stated therein.

99.    Deny the allegations set forth in paragraph "99" of the second amended complaint, except admit that this case was removed from State court on or about January 27, 2022.

100.    Deny the allegations set forth in paragraph "100" of the second amended complaint, except admit Plaintiff purports to invoke the jurisdiction of the Court as stated therein,

101.    Deny the allegations set forth in paragraph "101" of the second amended complaint, except admit that Plaintiff purports to base venue as stated therein.

102.    Deny the allegations set forth in paragraph "102" of the second amended complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about November 3, 2020.

103.    Deny the allegations set forth in paragraph "103" of the second amended complaint, except admit that, to date, this matter has not been resolved.

104.    Deny the allegations set forth in paragraph "104" of the second amended complaint, except admit that the second amended complaint was filed on January 31, 2022.

## PRELIMINARY FACTS

105.   Deny the allegations set forth in paragraph "105" of the second amended complaint.

106.   Deny the allegations set forth in paragraph "106" of the second amended complaint, except admit that Chief Lehr was the Incident Commander of the Mott Haven Protest.

107.   Deny the allegations set forth in paragraph "107" of the second amended complaint.

108.   Deny the allegations set forth in paragraph "108" of the second amended complaint, except admit that as the assigned Desk Officer Sergeant Haldeman signed Plaintiff's Desk Appearance Ticket.

109.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the second amended complaint as it pertains to unidentified defendants.

110.   Deny the allegations set forth in paragraph "110" of the second amended complaint, except admit that Plaintiff was present at the Mott Haven Protest on June 4, 2020.

111.   Deny the allegations set forth in paragraph "111" of the second amended complaint, except admit that on or about June 4, 2020, protestors gathered near 149th Street in Mott Haven, Bronx County.

112.   Deny the allegations set forth in paragraph "112" of the second amended complaint, except admit that on or about June 4, 2020, NYPD members were present to monitor the Mott Haven Protest.

113.   Deny the allegations set forth in paragraph "113" of the second amended complaint.

114.   Deny the allegations set forth in paragraph "114" of the second amended

complaint.

115. Deny the allegations set forth in paragraph "115" of the second amended complaint.

116. Deny the allegations set forth in paragraph "116" of the second amended complaint.

117. Deny the allegations set forth in paragraph "117" of the second amended complaint.

118. Deny the allegations set forth in paragraph "118" of the second amended complaint.

119. Deny the allegations set forth in paragraph "119" of the second amended complaint.

120. Deny the allegations set forth in paragraph "120" of the second amended complaint.

121. Deny the allegations set forth in paragraph "121" of the second amended complaint.

122. Deny the allegations set forth in paragraph "122" of the second amended complaint.

123. Deny the allegations set forth in paragraph "123" of the second amended complaint.

124. Deny the allegations set forth in paragraph "124" of the second amended complaint.

125. Deny the allegations set forth in paragraph "125" of the second amended complaint.

126.   Deny the allegations set forth in paragraph "126" of the second amended complaint.

## POLICE VIOLENCE AGAINST CURRAN-GROOME

127.   Deny the allegations set forth in paragraph "127" of the second amended complaint.

128.   Deny the allegations set forth in paragraph "128" of the second amended complaint.

129.   Deny the allegations set forth in paragraph "129" of the second amended complaint.

130.   Deny the allegations set forth in paragraph "130" of the second amended complaint.

131.   Deny the allegations set forth in paragraph "131" of the second amended complaint.

132.   Deny the allegations set forth in paragraph "132" of the second amended complaint.

133.   Deny the allegations set forth in paragraph "133" of the second amended complaint.

134.   Deny the allegations set forth in paragraph "134" of the second amended complaint.

135.   Deny the allegations set forth in paragraph "135" of the second amended complaint.

136.   Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "136" of the second amended complaint as it pertains to unidentified defendants.

137.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the second amended complaint.

138.   Deny the allegations set forth in paragraph "138" of the second amended complaint.

139.   Deny the allegations set forth in paragraph "139" of the second amended complaint.

140.   Deny the allegations set forth in paragraph "140" of the second amended complaint.

141.   Deny the allegations set forth in paragraph "141" of the second amended complaint, except admit that Plaintiff was arrested on June 4, 2020.

142.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the second amended complaint.

143.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the second amended complaint.

144.   Admit the allegations set forth in paragraph "144" of the second amended complaint.

145.   Admit the allegations set forth in paragraph "145" of the second amended complaint.

146.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the second amended complaint.

147.   Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "147" of the second amended complaint.

148.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the second amended complaint.

149.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the second amended complaint.

150.   Deny the allegations set forth in paragraph "150" of the second amended complaint, except admit that Plaintiff was searched and placed in a holding cell at Queens Central Booking.

151.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the second amended complaint.

152.   Deny the allegations set forth in paragraph "152" of the second amended complaint.

153.   Deny the allegations set forth in paragraph "153" of the second amended complaint, except admit the Police Officer Tejada was Plaintiff's assigned arresting officer.

154.   Deny the allegations set forth in paragraph "154" of the second amended complaint.

155.   Deny the allegations set forth in paragraph "155" of the second amended complaint.

156.   Deny the allegations set forth in paragraph "156" of the second amended complaint, except admit that Plaintiff's arrest was processed at Queens Central Booking.

157.   Deny the allegations set forth in paragraph "157" of the second amended complaint.

158.   Deny the allegations set forth in paragraph "158" of the second amended

complaint, except admit plaintiff received a DAT which she signed at approximately 8:40 a.m. on June 5, 2020.

159.   Admit the allegation set forth in paragraph "159" of the second amended complaint.

160.   Deny the allegation set forth in paragraph "160" of the second amended complaint.

161.   Deny the allegation set forth in paragraph "161" of the second amended complaint.

162.   Deny the allegation set forth in paragraph "162" of the second amended complaint.

163.   Deny the allegation set forth in paragraph "163" of the second amended complaint.

164.   Deny the allegations set forth in paragraph "164" of the second amended complaint, except admit that the Bronx County District Attorney's Office declined to prosecute Plaintiff's June 4, 2020 arrest.

## THE NYPD'S HISTORY OF MISHANDLING PROTESTS

165.   Deny the allegations set forth in paragraph "165" of the second amended complaint.

166.   Deny the allegations set forth in paragraph "166" of the second amended complaint.

167.   Deny the allegations set forth in paragraph "167" of the second amended complaint and respectfully refer the Court and Plaintiff to the 2003 N.Y. Civil Liberties Union article referenced therein, and cited in footnote "6", for a full and accurate recitation of its content.

168.   Deny the allegations set forth in paragraph "168" of the second amended complaint and respectfully refer the Court and Plaintiff to the 2005 N.Y. Civil Liberties Union article referenced therein, and cited in footnote "7", for a full and accurate recitation of its content.

169.   Deny the allegations set forth in paragraph "169" of the second amended complaint and respectfully refer the Court and Plaintiff to the matter *Callaghan v. City of New York*, 07 Civ. 9611(PKC) (JLC) (S.D.N.Y) cited therein in footnote "8", for a full and accurate recitation of its content.

170.   Deny the allegations set forth in paragraph "170" of the second amended complaint and respectfully refer the Court and Plaintiff to the matter *People of the State of New York v. City of New York et al.*, 21 Civ. 0322 (S.D.N.Y) cited therein in footnote "9", for a full and accurate recitation of its content.

171.   Deny the allegations set forth in paragraph "171" of the second amended complaint.

172.   Deny the allegations set forth in paragraph "172" of the second amended complaint.

173.   State that paragraph "173" of the second amended complaint fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct. Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-cv-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted). To the extent a response is required, deny the allegations set forth in paragraph "173" of the second amended complaint, and its subparts; and respectfully refer the Court and Plaintiff to the docket sheets of the cases referenced therein, as well as the NYCLU reports, online articles and research papers

referenced and cited therein for a full and accurate recitation of their contents, including court opinions and dicta.

### THE NYPD'S FAILURE TO TRAIN REGARDING PROTEST POLICING

174. Deny the allegations set forth in paragraph "174" of the second amended complaint.

175. Deny the allegations set forth in paragraph "175" of the second amended complaint.

176. Deny the allegations set forth in paragraph "176" of the second amended complaint.

177. Deny the allegations set forth in paragraph "177" of the second amended complaint.

178. Deny the allegations set forth in paragraph "178" of the second amended complaint.

179. Deny the allegations set forth in paragraph "179" of the second amended complaint.

180. Deny the allegations set forth in paragraph "180" of the second amended complaint and respectfully refer the Court and Plaintiff to the Attorney General Preliminary Report referenced therein, and cited in footnote "12", for a full and accurate recitation of its content.

181. Deny the allegations set forth in paragraph "181" of the second amended complaint.

182. Deny the allegations set forth in paragraph "182" of the second amended complaint.

183. Deny the allegations set forth in paragraph "183" of the second amended

complaint.

184.   State that the allegations set forth in paragraph "184" of the second amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct. To the extent an answer is required, deny the allegations set forth in paragraph "176" of the second amended complaint, and its subparts; and respectfully refer the Court and Plaintiff to the October 2015 Findings and Recommendations Report referenced therein, and cited in footnote "13" for and accurate recitation of its content.

185.   Deny the allegations set forth in paragraph "185" of the second amended complaint.

186.   Deny the allegations set forth in paragraph "186" of the second amended complaint, except admit that members of the NYPD's Strategic Response Group were present and on duty at the Mott Haven Protest on or about June 4, 2020.

187.   Deny the allegations set forth in paragraph "187" of the second amended complaint, except admit that Strategic Response Group has a unit in each borough and members of the Strategic Response Group were present and on duty at the Mott Haven Protest on or about June 4, 2020.

188.   Deny the allegations set forth in paragraph "188" of the second amended complaint and respectfully refer the Court and Plaintiff to the January 30, 2015 article referenced therein, and cited in footnote "14", for a full and accurate recitation of its content.

189.   Deny the allegations set forth in paragraph "189" of the second amended complaint, except admit that members of the Strategic Response Group were present and on duty at the Mott Haven Protest on or about June 4, 2020.

190.   Deny the allegations set forth in paragraph "190" of the second amended complaint and respectfully refer the Court and Plaintiff to the October 15, 2020 article referenced

therein, and cited in footnote "15", for a full and accurate recitation of its content. Further state

that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish

a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in

an adjudication of liability." *Bethune v. Westchester County* , 18-cv-3500, 2020 U.S. Dist. LEXIS

36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

       191.   Deny the allegations set forth in paragraph "191" of the second amended

complaint, except admit that all members of the NYPD are required to attend trainings.

       192.   Deny the allegations set forth in paragraph "192" of the second amended

complaint.

       193.   Deny the allegations set forth in paragraph "193" of the second amended

complaint.

       194.   Deny the allegations set forth in paragraph "194" of the second amended

complaint and respectfully refer the Court and Plaintiff to the OCC Report referenced therein, and

cited in footnote "16", for a full and accurate recitation of its content.

       195.   Deny the allegations set forth in paragraph "195" of the second amended

complaint.

       196.   Deny the allegations set forth in paragraph "196" of the second amended

complaint.

       197.   Deny the allegations set forth in paragraph "197" of the second amended

complaint and respectfully refer the Court and Plaintiff to the March 17, 2006 article referenced

therein, and cited in footnote "17", for a full and accurate recitation of its content. Further state

that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish

a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in

an adjudication of liability." *Bethune v. Westchester County* , 18-cv-3500, 2020 U.S. Dist. LEXIS

36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

198.   Deny the allegations set forth in paragraph "198" of the second amended complaint.

199.   Deny the allegations set forth in paragraph "199" of the second amended complaint.

200.   Deny the allegations set forth in paragraph "200" of the second amended complaint.

201.   Deny the allegations set forth in paragraph "201" of the second amended complaint.

202.   Deny the allegations set forth in paragraph "202" of the second amended complaint.

203.   Deny the allegations set forth in paragraph "203" of the second amended complaint.

204.   Deny the allegations set forth in paragraph "204" of the second amended complaint.

205.   Plaintiff failed to provide a citation to the purported testimony of a purported unidentified witness for the City of New York and, as such, defendants cannot respond to the allegations set forth in paragraph "205" of the second amended complaint. To the extent a response is required, deny the allegations set forth in paragraph "205" of the second amended complaint and respectfully refer the Court and Plaintiff to the matter *Packard v. City of New York*, 15-cv-7130 (S.D.N.Y.) (AT) referenced therein for a full and accurate recitation of its content. Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS

36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar 2, 2020) (citations omitted).

206.   Deny the allegations set forth in paragraph "206" of the second amended complaint.

207.   Plaintiff failed to provide a citation to the purported testimony of a purported unidentified witness for the City of New York and, as such, defendants cannot respond to the allegations set forth in paragraph "207" of the second amended complaint. To the extent a response is required, deny the allegations set forth in paragraph "207" of the second amended complaint.

208.   Deny the allegations set forth in paragraph "208" of the second amended complaint and respectfully refer the Court and Plaintiff to the OCC Report referenced therein, and cited in footnote "18", for a full and accurate recitation of its content.

209.   Deny the allegations set forth in paragraph "209" of the second amended complaint.

### THE NYPD'S POLICY AND/OR PRACTICE OF USING EXCESSIVE FORCE TO CONTROL THE SPEECH OF PROTESTORS

210.   Deny the allegations set forth in paragraph "210" of the second amended complaint.

211.   Deny the allegations set forth in paragraph "211" of the second amended complaint.

212.   Deny the allegations set forth in paragraph "212" of the second amended complaint.

213.   Deny the allegations set forth in paragraph "213" of the second amended complaint.

214.   Deny the allegations set forth in paragraph "214" of the second amended complaint.

215.   Deny the allegations set forth in paragraph "215" of the second amended complaint, except admit that a number of protestors at the Mott Haven Protest were detained or arrested, and placed in flex-cuffs, on or about June 4, 2020.

216.   Deny the allegations set forth in paragraph "216" of the second amended complaint.

217.   Deny the allegations set forth in paragraph "217" of the second amended complaint.

218.   Deny the allegations set forth in paragraph "218" of the second amended complaint.

219.   Deny the allegations set forth in paragraph "219" of the second amended complaint.

220.   Deny the allegations set forth in paragraph "220" of the second amended complaint and respectfully refer the Court and Plaintiff to the matter *Burley v. City of New York*, 03-cv-2915 (WHP) (FM) (S.D.N.Y. March 23, 2005) referenced therein for a full and accurate recitation of its content.

221.   Deny the allegations set forth in paragraph "221" of the second amended complaint and respectfully refer the Court and Plaintiff to the matter *Kunstler v. City of New York*, 04-cv-1145 (RWS) (MHD) (S.D.N.Y.) referenced therein for a full and accurate recitation of its content.

222.   Deny the allegations set forth in paragraph "213" of the second amended complaint and respectfully refer the Court and Plaintiff to the matter *McNamara v. City of New York*, 04-cv-9216 (RJS) (JCF) (S.D.N.Y.) referenced therein for a full and accurate recitation of its content.

223.   Deny the allegations set forth in paragraph "223" of the second amended

complaint and state that to the extent paragraph "213" contains conclusions of law, no response is required.

224.   Deny the allegations set forth in paragraph "224" of the second amended complaint and respectfully refer the Court and Plaintiff to the DOI Report referenced therein, and cited in footnote "19", for a full and accurate recitation of its content.

## DEFENDANTS' POLICIES AND PRACTICES REGARDING ARRESTS – INCLUDING MASS ARRESTS – WITHOUT FAIR WARNING – OR AN OPPORTUNITY TO COMPLY

225.   Deny the allegations set forth in paragraph "225" of the second amended complaint.

226.   Deny the allegations set forth in paragraph "226" of the second amended complaint.

227.   Deny the allegations set forth in paragraph "227" of the second amended complaint.

228.   Deny the allegations set forth in paragraph "228" of the second amended complaint; and state that to the extent paragraph "228" contains conclusions of law, no response is required.

229.   Deny the allegations set forth in paragraph "229" of the second amended complaint and respectfully refer the Court and Plaintiff to the Executive Orders referenced therein for a full and accurate recitation of their contents; and to the extent that paragraph "229" contains conclusions of law, no response is required.

230.   Deny the allegations set forth in paragraph "230" of the second amended complaint.

231.   Deny the allegations set forth in paragraph "231" of the second amended complaint.

232.   Deny the allegations set forth in paragraph "232" of the second amended complaint.

233.   Deny the allegations set forth in paragraph "233" of the second amended complaint.

### RETENTION OF "BAD OFFICERS"

234.   Deny the allegations set forth in paragraph "234" of the second amended complaint.

235.   Deny the allegations set forth in paragraph "235" of the second amended complaint.

236.   Deny the allegations set forth in paragraph "236" of the second amended complaint and respectfully refer the Court and Plaintiff to the November 15, 2020 article referenced therein, and cited in footnote "20", for a full and accurate recitation of its content.

237.   Deny the allegations set forth in paragraph "237" of the second amended complaint and respectfully refer the Court and Plaintiff to the November 15, 2020 article referenced therein, and cited in footnote "20", for a full and accurate recitation of its content.

238.   Deny the allegations set forth in paragraph "238" of the second amended complaint and respectfully refer the Court and Plaintiff to the May 27, 2019 article referenced therein, and cited in footnote "21", for a full and accurate recitation of its content.

### DEFENDANT'S PROTEST ARREST PROCESSING POLICIES AND PRACTICES

239.   Deny the allegations set forth in paragraph "239" of the second amended complaint, except admit that Plaintiff was arrested on or about June 4, 2020; and state that to the extent paragraph "239" contains conclusions of law, no response is required.

240.   Deny the allegations set forth in paragraph "240" of the second amended

complaint, except admit that Plaintiff was arrested on or about June 4, 2020.

241.   Deny the allegations set forth in paragraph "241" of the second amended complaint.

242.   Deny the allegations set forth in paragraph "242" of the second amended complaint.

243.   Deny the allegations set forth in paragraph "243" of the second amended complaint.

244.   Deny the allegations set forth in paragraph "244" of the second amended complaint.

245.   Deny the allegations set forth in paragraph "245" of the second amended complaint  and respectfully refer the Court and Plaintiff to the New York State and City of New York, Covid-19 Policies, that were in place on or about June 4, 2020, referenced therein, for a full and accurate recitation of their contents.

246.   Deny the allegations set forth in paragraph "246" of the second amended complaint.

247.   Deny the allegations set forth in paragraph "247" of the second amended complaint.

248.   Deny the allegations set forth in paragraph "248" of the second amended complaint.

249.   Deny the allegations set forth in paragraph "249" of the second amended complaint.

250.   Deny the allegations set forth in paragraph "250" of the second amended complaint.

251.   Deny the allegations set forth in paragraph "251" of the second amended complaint.

252.   Deny the allegations set forth in paragraph "252" of the second amended complaint.

253.   Deny the allegations set forth in paragraph "253" of the second amended complaint.

## DEFENDANTS' FAILURE TO MONITOR AND SUPERVISE NYPD MEMBERS' PROTEST POLICING

254.   Deny the allegations set forth in paragraph "254" of the second amended complaint.

255.   Deny the allegations set forth in paragraph "255" of the second amended complaint.

## REPORTS AND INVESTIGATIONS IN THE 2020 PROTESTS

256.   Deny the allegations set forth in paragraph "256" of the second amended complaint, except admit that on or about July 2020 the New York State Office of the Attorney General created a document entitled "Preliminary Report on the New York City Police Department's Response to Demonstrations Following the Death of George Floyd", and respectfully refer the Court and Plaintiff to the July 2020 Report referenced therein, and cited in footnote "22", for a full and accurate recitation of its content.

257.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "257" of the second amended complaint and respectfully refer the Court and Plaintiff to the July 2020 New York State Office of Attorney General Report referenced therein for a full and accurate recitation of its content.

258.   Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "258" of the second amended complaint and respectfully refer the Court and Plaintiff to the July 2020 New York State Office of Attorney General Report referenced therein for a full and accurate recitation of its content.

259.   Deny the allegations set forth in paragraph "259" of the second amended complaint, except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests"; and respectfully refer the Court and Plaintiff to the December 2020 document referenced therein, and cited in footnote "23" for a full and accurate recitation of its content.

260.   Deny the allegations set forth in paragraph "260" of the second amended complaint, except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests"; and respectfully refer the Court and Plaintiff to the December 2020 document referenced therein, and cited in footnote "24" for a full and accurate recitation of its content.

261.   Deny the allegations set forth in paragraph "261" of the second amended complaint, except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests"; and respectfully refer the Court and Plaintiff to the December 2020 document referenced therein, and cited in footnote "25" for a full and accurate recitation of its content.

262.   Deny the allegations set forth in paragraph "262" of the second amended complaint, except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests"; and respectfully refer the Court and Plaintiff to the December 2020 document referenced therein, for a full and accurate recitation of its content.

263.   Deny the allegations set forth in paragraph "263" of the second amended complaint, except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests"; and respectfully refer the Court and Plaintiff to the December 2020 document referenced therein, for a full and accurate recitation of its content.

264.   Deny the allegations set forth in paragraph "264" of the second amended complaint, except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests"; and respectfully refer the Court and Plaintiff to the December 2020 document referenced therein, for a full and accurate recitation of its content.

265.   Deny the allegations set forth in paragraph "265" of the second amended complaint, except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests"; and respectfully refer the Court and Plaintiff to the December 2020 document referenced therein, and cited in footnote "26" for a full and accurate recitation of its content.

266.   Deny the allegations set forth in paragraph "266" of the second amended complaint and respectfully refer the Court and Plaintiff to the December 2020 document referenced therein, and cited in footnote "27" for a full and accurate recitation of its content.

267.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "267" of the second amended complaint and respectfully refer the Court and Plaintiff to the December 2020 document referenced therein, and cited in footnote "28" for a full and accurate recitation of its content.

268.   Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "268" of the second amended complaint and respectfully refer the Court and Plaintiff to the December 2020 document referenced therein, and cited in footnote "29" for a full and accurate recitation of its content.

269.   Deny the allegations set forth in paragraph "269" of the second amended complaint and respectfully refer the Court and Plaintiff to the September 2020 Human Rights Watch Report referenced therein, and cited in footnote "30" for a full and accurate recitation of its content.

270.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "270" of the second amended complaint and respectfully refer the Court and Plaintiff to the September 2020 Human Rights Watch Report referenced therein, for a full and accurate recitation of its content.

271.   Deny the allegations set forth in paragraph "271" of the second amended complaint and respectfully refer the Court and Plaintiff to the September 2020 Human Rights Watch Report referenced therein, and cited in footnote "31" for a full and accurate recitation of its content.

272.   Deny the allegations set forth in paragraph "272" of the second amended complaint.

## AS AND FOR THE SECOND CAUSES OF ACTION AGAINST ALL DEFENDANTS FOR FALSE ARREST, PLAINTIFF CURRAN-GROOME ALLEGES:

273.   In response to the allegations set forth in paragraph "273" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

274.   Deny the allegations set forth in paragraph "274" of the second amended complaint.

275.   Deny the allegations set forth in paragraph "275" of the second amended complaint.

276.   Deny the allegations set forth in paragraph "276" of the second amended complaint.

277.   Deny the allegations set forth in paragraph "277" of the second amended complaint.

278.   Deny the allegations set forth in paragraph "278" of the second amended complaint.

## AS AND FOR THE SECOND CAUSES OF ACTION AGAINST ALL DEFENDANTS FOR FALSE IMPRISONMENT, PLAINTIFF CURRAN-GROOME ALLEGES:

279.   In response to the allegations set forth in paragraph "279" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

280.   Deny the allegations set forth in paragraph "280" of the second amended complaint.

281.   Deny the allegations set forth in paragraph "281" of the second amended complaint.

282.   Deny the allegations set forth in paragraph "282" of the second amended complaint.

283.   Deny the allegations set forth in paragraph "283" of the second amended complaint.

284.   Deny the allegations set forth in paragraph "284" of the second amended complaint.

**AS AND FOR THE THIRD CAUSES OF ACTION AGAINST ALL DEFENDANTS FOR ASSAULT AND BATTERY, PLAINTIFF CURRAN-GROOME ALLEGES:**

285.   In response to the allegations set forth in paragraph "285" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

286.   Deny the allegations set forth in paragraph "286" of the second amended complaint.

287.   Deny the allegations set forth in paragraph "287" of the second amended complaint.

288.   Deny the allegations set forth in paragraph "288" of the second amended complaint.

289.   Deny the allegations set forth in paragraph "289" of the second amended complaint.

**AS AND FOR THE FOURTH CAUSES OF ACTION AGAINST ALL DEFENDANTS FOR EXCESSIVE USE OF FORCE, PLAINTIFF CURRAN-GROOME ALLEGES:**

290.   In response to the allegations set forth in paragraph "290" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

291.   Deny the allegations set forth in paragraph "291" of the second amended complaint.

292.   Deny the allegations set forth in paragraph "292" of the second amended complaint.

293.   Deny the allegations set forth in paragraph "293" of the second amended complaint.

294.   Deny the allegations set forth in paragraph "294" of the second amended complaint.

295.   Deny the allegations set forth in paragraph "295" of the second amended complaint.

296.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "296" of the second amended complaint.

297.   Deny the allegations set forth in paragraph "297" of the second amended complaint.

298.   Deny the allegations set forth in paragraph "298" of the second amended complaint.

299.   Deny the allegations set forth in paragraph "299" of the second amended complaint.

300.   Deny the allegations set forth in paragraph "300" of the second amended complaint.

**AS AND FOR THE FIFTH CAUSES OF ACTION ON BEHALF OF THE PLAINTIFF CURRAN-GROOME AGAINST ALL DEFENDANTS FOR FAILING TO INTERVENE, MITIGATE OR STOP:**

301.   In response to the allegations set forth in paragraph "301" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

302.   Deny the allegations set forth in paragraph "302" of the second amended complaint.

303.   Deny the allegations set forth in paragraph "303" of the second amended complaint.

304.   Deny the allegations set forth in paragraph "304" of the second amended

complaint.

305.   Deny the allegations set forth in paragraph "305" of the second amended complaint.

**AS AND FOR THE SIXTH CAUSES OF ACTION ON BEHALF OF THE PLAINTIFF CURRAN-GROOME AGAINST THE "CITY" FOR NEGLIGENCE**

306.   In response to the allegations set forth in paragraph "306" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

307.   Deny the allegations set forth in paragraph "307" of the second amended complaint.

308.   Deny the allegations set forth in paragraph "308" of the second amended complaint.

309.   Deny the allegations set forth in paragraph "309" of the second amended complaint.

310.   Deny the allegations set forth in paragraph "310" of the second amended complaint.

311.   Deny the allegations set forth in paragraph "311" of the second amended complaint.

312.   Deny the allegations set forth in paragraph "312" of the second amended complaint.

313.   Deny the allegations set forth in paragraph "313" of the second amended complaint.

314.   Deny the allegations set forth in paragraph "314" of the second amended complaint.

315.   Deny the allegations set forth in paragraph "315" of the second amended

complaint.

316.   Deny the allegations set forth in paragraph "316" of the second amended complaint.

**AS AND FOR THE SEVENTH CAUSES OF ACTION: ALLEGING VIOLATIONS OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. SECTIONS 1983 AND 1988 AGAINST MONAHAN, TEJADA, HALDEMAN, AND JOHN/JANE DOES #1-2 EACH IN HIS OR HER INDIVIDUAL CAPACITY AND AS AN AGENT OF THE CITY OF NEW YORK PLAINTIFF ALLEGES:**

317.   In response to the allegations set forth in paragraph "317" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

318.   State that the allegations set forth in paragraph "318" of the second amended complaint are legal conclusions to which no response is required, except admit that Commissioner Shea, Chief Monahan, Chief Lehr, Police Officer Tejada and Sergeant Scott Haldeman were employed by the NYPD on or about June 4, 2020.

319.   Deny the allegations set forth in paragraph "319" of the second amended complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

320.   Deny the allegations set forth in paragraph "320" of the second amended complaint.

321.   Deny the allegations set forth in paragraph "321" of the second amended complaint.

322.   State that paragraph "322" of the second amended complaint fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct. To the

extent a response is required, deny the allegations set forth in paragraph "322" of the second amended complaint, and its subparts.

323.   Deny the allegations set forth in paragraph "323" of the second amended complaint.

324.   Deny the allegations set forth in paragraph "324" of the second amended complaint.

**AS AND FOR THE EIGHTH CAUSES OF ACTION FOR MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. AND 1983 AND MONELL V. DEPARTMENT OF SOCIAL SERVICES, 436 U.S. 658 (1978) FOR DEFENDANTS' VIOLATIONS OF PLAINTIFF CURRAN-GROOME'S RIGHTS UNDER THE SECOND, FOURTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AGAINST DEFENDANT CITY OF NEW YORK, DERMOT SHEA, AND TERENCE MONAHAN AND LEHR**

325.   In response to the allegations set forth in paragraph "325" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

326.   Deny the allegations set forth in paragraph "326" of the second amended complaint.

327.   Deny the allegations set forth in paragraph "327" of the second amended complaint.

328.   Deny the allegations set forth in paragraph "328" of the second amended complaint.

329.   Deny the allegations set forth in paragraph "329" of the second amended complaint, except admit that Plaintiff purports to seek the relief stated therein.

**AS AND FOR THE TWENTY FIFTH THROUGH TWENTY SEVENTH CAUSES OF ACTION INCLUDING PUNITIVE DAMAGES AGAINST ALL DEFENDANTS**

330.   In response to the allegations set forth in paragraph "330" of the second

amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein. Further, deny the allegations set forth in paragraph "329" of the second amended complaint.

331.   Deny the allegations set forth in paragraph "331" of the second amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

332.   The second amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

333.   Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

334.   Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

306.   Defendants Commissioner Shea, Chief Monahan, Chief Lehr, Police Officer Tejada  and Sergeant Haldeman have not violated any clearly established constitutional or statutory rights of which a reasonable  person would have known and therefore are entitled to qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

307.   At all times relevant to the acts alleged in the second amended complaint,

defendants Commissioner Shea, Chief Monahan, Chief Lehr, Police Officer Tejada and Sergeant Haldeman acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendants Commissioner Shea, Chief Monahan, Chief Lehr, Police Officer Tejada and Sergeant Haldeman are entitled to governmental immunity from liability on Plaintiff's state law claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

308.    To the extent the second amended complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50(e), et seq.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

309.    At all times relevant to the acts alleged in the second amended complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendant City of New York is entitled to governmental immunity from liability on Plaintiff's state law claims.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

310. Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

311. Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

312. Plaintiff's claims are barred, in whole or in part, by her own contributory and

comparative negligence and by assumption of risk.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

313.   Plaintiff's claims are bared, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

314.   Plaintiff provoked any incident.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

315.   Plaintiff may have failed to mitigate damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

316.   To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish defendant's official duties and to protect their own physical safety and the safety of others.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

317.   Defendant Commissioner Shea, Chief Monahan, Chief Lehr, and Police Officer Tejada was not personally involved in the specific incidents underlying Plaintiff's allegations.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

318.   There was probable cause for Plaintiff's arrest, detention, and subsequent prosecution.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

319.   The New York City Police Department is not a suable entity.

**WHEREFORE**, defendants, City of New York, Commissioner Shea, Chief Monahan, Chief Lehr, Police Officer Tejada and Sergeant Haldeman demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                July 25, 2022

                                              HON. SYLVIA HINDS-RADIX
                                              Corporation Counsel of the
                                               City of New York
                                              *Attorney for Defendants*
                                              100 Church Street
                                              New York, New York 10007
                                              (212) 356-2469
                                              JGoltche@law.nyc.gov


                                    By:       */s/ Jennifer Goltche*
                                              Jennifer Goltche
                                              *Senior Counsel*

cc:     Elena Cohen, Esq. (by ECF)
        Christopher A. Smith
        *Attorney for Plaintiff*