UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ELIZABETH CURRAN-GROOME,                        )
                                                )
                                    Plaintiff,  )
                                                )
        -against-                               )        **[PROPOSED]**
                                                )        **JUDGMENT PURSUANT**
                                                )        **TO RULE 68**
THE CITY OF NEW YORK; NEW YORK CITY             )
POLICE DEPARTMENT ("NYPD") ASSISTANT CHIEF      )        22-cv-00710 (JPC)
KENNETH LEHR; NYPD CHIEF TERENCE                )
MONAHAN; NYPD COMMISSIONER DERMOT               )
SHEA; NYPD SERGEANT SCOTT HALDEMAN; AND         )
NYPD OFFICER KATHERINE TEJADA,                  )
                                                )
                                    Defendants. )
------------------------------------------------------------------------X

**WHEREAS,** Plaintiff commenced this action by filing a complaint on September 2, 2021 alleging that Defendants violated Plaintiff's rights under the federal constitution and state law; and

**WHEREAS,** on November 9, 2022, pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendants, and any defendant who is currently or subsequently named and hereafter represented by the Office of the Corporation Counsel in this action offered to allow Plaintiff to take judgment against the City of New York for Plaintiff's federal claims; and

**WHEREAS,** on November 9, 2022, Plaintiff accepted Defendants' Rule 68 Offer of Judgment;

**NOW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Plaintiff will take judgment against defendant City of New York in this action for the total sum of

Fifteen Thousand and One ($15,001.00) Dollars, plus reasonable attorneys' fees, expenses, and costs to the date of the offer – November 9, 2022 – for Plaintiff's federal claims.

    2. This judgment shall be in full satisfaction of all federal and state law claims or rights that Plaintiff may have to damages, or any other form of relief, arising out of the alleged acts or omissions of Defendants or any official, employee, or agent, either past or present, of the City of New York, or any agency thereof, in connection with the facts and circumstances that are the subject of this action.

    3. This judgment shall not be construed as an admission of liability by Defendants or any official, employee, or agent of the City of New York, or any agency thereof; nor is it an admission that Plaintiff has suffered any damages.

    4. In accepting the Defendants' offer of judgment, Plaintiff releases and discharges Defendants; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York, or any agency thereof, from any and all claims that were or could have been alleged by Plaintiff arising out of the facts and circumstances that are the subject of this action.

    5. By accepting the offer of judgment, Plaintiff waives the Plaintiff's rights to any claim for interest on the amount of the judgment.

    6. By accepting the offer of judgment, Plaintiff agrees that the aforesaid payment of Fifteen Thousand and One ($15,001.00) Dollars within ninety (90) days of the date of acceptance of the offer shall be a reasonable time for such payment, unless Plaintiff received medical treatment in connection with the underlying claims in this case for which Medicare has provided, or will provide, payment in full or in part. If Plaintiff is a Medicare recipient who received medical treatment in connection with the claims in this case, the

ninety (90) day period for payment shall start to run from the date Plaintiff submits to Counsel for Defendants a final demand letter from Medicare.

       7.       By acceptance of this Rule 68 Offer of Judgment, Plaintiff agrees to resolve any claim that Medicare may have for reimbursement of conditional payments it has made as secondary payer, and a Medicare Set-Aside Trust shall be created, if required by 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26. Plaintiff further agrees to hold harmless defendants and all past and present officials, employees, representatives, and agents of the City of New York, or any agency thereof, regarding any past and/or future Medicare payments, presently known or unknown, made in connection with this matter.

Dated: New York, New York
      _____, 2023

                                      _____
                                      HON.